271 P.2d 484

**WHITLOCK et ux. v. BOYER.**
**No. 5824.**

Supreme Court of Arizona.

June 7, 1954.

Rehearing Denied June 29, 1954.

Byrne & Byrne, Prescott, for appellants.

Head & Palmer, Prescott, for appellee.

STANFORD, Justice.

Appellants, Howard J. Whitlock et ux., who were the plaintiffs in the trial court, brought this action against defendant-appellee, O. E Boyer, Chief of Police of the City of Prescott, for damages in the sum of $25,000 for false arrest and imprisonment. The facts leading up to the arrest are that plaintiffs left Los Angeles, California, on the morning of June 27, 1949, to visit Mrs. Whitlock's father who was a patient in the community hospital in Prescott, Arizona, and with the intention of taking her father back to California with them. Before leaving, Mrs. Whitlock cashed her paycheck in the sum of $107.31,

receiving a fifty-dollar bill, two new twenty-dollar bills, one ten-dollar bill, one five-dollar bill, two one-dollar bills, and thirty-one cents. Plaintiffs stayed on the night of the 27th at Blythe, California, and the next morning continued on their trip to Prescott, stopping, however, at Aguila, Arizona, where they ate lunch. In paying for their lunch, they presented a twenty-dollar bill, and the wife of the operator of the place and her husband advised plaintiffs that the bill was a counterfeit. The lunch was paid for with other money. The restaurant people at Aguila, however, advised a deputy sheriff at Wickenburg, Arizona (the next stop to the east), and in turn that officer notified the headquarters of the highway patrol at Phoenix, giving a description of the plaintiffs, the car in which they were traveling, and expressed the belief that plaintiffs had attempted to pass counterfeit bills. The highway patrol broadcast this information, which was received in the office of the Chief of Police at Prescott, Arizona. Plaintiffs arrived at Prescott at about four o'clock on the afternoon of June 28th and went directly to the office of Dr. Joseph McNally who was the physician attending the father of Mrs. Whitlock. They remained there until about six o'clock, and when they returned to their car and started to leave, they were approached by two Prescott policemen who advised them that they would have to take them to the police station. Plaintiff, Howard Whitlock, was detained in the Prescott jail until his release about 1:00 a. m. that

night. Mrs. Whitlock, at her request, was taken to the Prescott community hospital to visit her father, and was later detained in the women's quarters of the Yavapai County jail at the request of the city police. The chief of police arrived at the police station about eight o'clock on the evening of the 28th of June and interrogated Mrs. Whitlock. Mr. Whitlock had no contact with the chief of police until a little before 11:00 p. m. on the day of the arrest, at which time Whitlock also was interrogated by him. At about 1:00 a. m. that night, George Walker, Agent of the United States Treasury in Arizona, arrived at Prescott, examined the bills and advised the chief of police that they were good bills and not counterfeit. Plaintiffs were thereupon released.

Upon the trial of the case some four years later, a jury rendered a verdict in favor of defendant, the chief of police. The plaintiffs have appealed from the judgment rendered on the verdict and from the denial by the trial court of their motion to set aside the verdict and their motion for a new trial. There has been no transcript of the testimony filed in this court.

Plaintiffs present four assignments of error assertedly committed by the trial court in the course of the trial, viz.:

"* * * 1. The trial court erred in denying Appellants' Motion for Judgment by Default, appellee having failed to file an answer within twenty days after the personal service of the

summons and complaint upon him, contrary to the provisions of Rule 12(a), as amended, Rules of Civil Procedure.

"* * * 2. Error was committed by the trial court in failing to sustain appellants' motion for a directed verdict, for the reason, that the defendant Chief of Police of the City of Prescott was without authority in law to arrest or imprison appellants.

"* * * 3. The trial court erred in failing to amend, upon appellants' motion, their requested instruction number 2, by adding the requirement that appellee meet the burden of proof of his affirmative defense of justification.

"* * * 4. Prejudicial error was committed by the trial court in giving appellee's requested instruction number 3, requiring appellants to sustain the burden of proof showing restraint of their liberty, without sufficient legal cause therefor, when it was the obligation of appellee to sustain this under this affirmative defense of justification."

 As to Assignment No. 1 the record shows that on May 8, 1950, nearly one year after the arrest, defendant was served with summons and complaint. On July 26, 1950, defendant filed a motion for security of costs, which is not a responsive pleading. Rogers v. Tapo, 72 Ariz. 53, 230 P. 2d 522, 525. On July 27th plaintiffs filed

their motion for judgment by default on the ground that defendant had failed to answer within the time required by law, and this was accompanied with notice of hearing thereon on August 2, 1950. On August 1, 1950, defendant filed a motion to dismiss the complaint. It will be observed that the entry of default was not first asked of the clerk under rule 55(a), Sec. 21-1205, A.C.A.1939. On January 12, 1951, an order was entered by the trial court denying the motion of plaintiffs for judgment by default and denying the motion of defendant to dismiss the complaint. A responsive pleading having been filed before a default was entered, the court had no authority to enter a default. There is no merit to this assignment.

 In reference to Assignment No. 2, which is that the chief of police of the city of Prescott was without authority to arrest or imprison the plaintiffs, the plaintiffs rely upon Section 4, Article 5, Session Laws of the Territory of Arizona Legislature of 1883, prescribing the duties of the chief of police and, under that section, they assert defendant would not have the power to arrest in a case like this, and, likewise, it is claimed that under the federal statutes, Sec. 3041, Title 18 U.S.Code, no local officer can arrest for an offense such as referred to herein.

Section 16-1702, A.C.A.1939, under the heading of "Definitions", states as follows:

"* * * 'Peace officers' include regularly salaried deputies sheriff, po-

licemen, and police officers of duly organized police departments * * *."

Under Section 44-124, A.C.A.1939, under the heading of "Arrest by officer without warrant—When lawful", it is stated:

"A peace officer may, without a warrant, arrest a person:

* * * * * *

"(d) When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it."

One further matter remains to be disposed of in conjunction with this assignment and this is: Did the chief of police of Prescott have a right to make this arrest involving a federal offense? Marsh v. United States, 2 Cir., 29 F.2d 172, certiorari denied 279 U.S. 849, 49 S.Ct. 346, 73 L.Ed. 992, is a case of transportation of liquor in violation of federal law, and from page 173 of 29 F.2d we briefly quote:

"On the other hand, it has been a universal practice of police officers in New York to arrest for federal crimes, regardless of whether they are felonies or misdemeanors, * * *."

We think this practice states the general rule and we approve of it for Arizona.

■ As to the third assignment, which is that the trial court erred by refusing to permit plaintiffs to amend their second instruction by adding the requirement that defendant meet the burden of proof of his affirmative defense of justification, the trial court gave the following instruction:

"* * * Plaintiffs * * * are entitled to recover of the defendant, unless you believe, by a preponderance of the evidence, that in arresting plaintiffs and depriving them of their liberty and freedom of action, he had reasonable ground to believe that a felony had been committed and reasonable ground to believe that plaintiffs had committed it. * * *"

But it refused to instruct that "the burden of proof on this issue is upon the defendant". We hold the court committed reversible error in not adding to the above instruction the words requested by plaintiffs. See 35 C.J.S., False Imprisonment, § 55.

Lastly, the plaintiffs complain that prejudicial error was committed by the giving of the defendant's requested instruction number 3, to which timely objection was made, because this instruction required "* * * appellants to sustain the burden of proof showing restraint of their liberty, without sufficient legal cause therefor, when it was the obligation of appellee to sustain this under his affirmative defense of justification." The instruction, as given, reads:

"The burden is on the plaintiffs to prove by a preponderance of the evidence that the defendant restrained plaintiffs of their liberty without any sufficient legal cause therefor."

Our views on this assignment of error are well explained in the following cases: Hughes v. Oreb, 36 Cal.2d 854, 228 P.2d 550, at page 552:

"Ordinarily a plaintiff is deemed to have established a prima facie case for false imprisonment if, as here, it appears that the defendant arrested him without a warrant. The burden then rests on defendant to plead and prove a proper justification. * * *"

Howell v. Viener, 179 Miss. 872, 176 So. 731, at page 733:

"There must be probable cause however to believe that a felony has been committed, and that the person arrested is the guilty one. And where, as here, the party suing makes out a prima facie case, the burden is on the defendant to show probable cause."

And Smith v. Burdett, Tex.Civ.App., 114 S.W.2d 384, at page 385:

"Normally, every one is entitled to his liberty, and when another, whether he be an officer or layman, interferes with such liberty and is called to account therefor, he may prove his authority or suffer the consequences. Consequently, the rule seems to be that the burden is on the one making the arrest or causing same to be made to prove the authority to do so."

While the recent case of Deisler v. Stevens, 77 Ariz. 16, 266 P.2d 738, presents a somewhat analogous situation, still it is dis- tinguishable in that in the above case we held there was no incorrect abstract statement of the law prejudicial to defendant; whereas in the instant case it manifestly appears that the court by its instructions placed the burden of proof as to the issue of justification upon the plaintiffs instead of upon the defendant. Therefore, it can be said that the two instructions complained of were "erroneous under every conceivable state of the evidence".

For improperly instructing the jury as to the law the judgment is reversed and the cause remanded for a new trial not inconsistent with these pronouncements.

Reversed and remanded.

PHELPS, C. J., and LA PRADE, UDALL, and WINDES, JJ., concurring.