**L. C. McGARRAH, Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Reidsville, Georgia, Appellee.**

No. 25925.

United States Court of Appeals Fifth Circuit.

July 24, 1968.

---

C. B. King, Albany, Ga., Charles S. Ralston, New York City, for appellant.

Joel C. Williams, Jr., Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, BELL, Circuit Judge and MORGAN, District Judge.

PER CURIAM:

Here before this Court for the second time in less than a year, Appellant seeks reversal of the latest order of the District Court denying his petition for a writ of habeas corpus. With the acquiescence of the parties the Court has taken submission of the appeal on the record and briefs without further oral argument. Because of the very limited scope of the further hearings directed by our first opinion, McGarrah v. Dutton, 5 Cir., 1967, 381 F.2d 161, and the total failure of the State to meet the burden imposed upon it by that opinion, we reverse.

The record of Appellant's trial in the State Court showed that he was unrepresented by counsel when he entered a plea of guilty. For reasons we need not repeat in detail, the federal habeas record did not reflect a knowing waiver of counsel since the warnings given by the prosecutor (since deceased) were couched in conclusory terms and the State Trial Judge, with candor, could speak only of his regular practice, not the precise procedure followed in this particular case with respect to waiver of counsel. We remanded the case to give the State the opportunity to produce evidence to show that the "accused was offered counsel but intelligently and understandingly rejected the offer." McGarrah v. Dutton, supra, 381 F.2d at 164, quoting Carnley v. Cochran, 1962, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77. On remand, the only significant new evidence introduced by the State to show a knowing waiver of Appellant's right to counsel were two pleas of guilty entered in unrelated cases one year prior to the State conviction at issue here and the testimony of an officer who had participated in the investigation of one of the prior crimes with which Appellant was charged and who was present when the pleas of guilty were entered. He testified only that it was the practice of this particular Trial Judge at the time of Appellant's plea and sentence to appoint an attorney to assist and advise defendants, but he did not remember whether this practice had been carried out in Appellant's case.

These two bits of evidence—with or without a rehash of all the arguments rejected by us in our first opinion—do not meet the requirement explicitly set forth in that opinion that the State has "the burden to substantiate a knowing waiver and to do so by evidence which is not so deficient in form that there is doubt as to whether constitutional requirements have been observed." McGarrah v. Dutton, supra, 381 F.2d at 165. Thus the judgment of the District Court must be reversed and the case remanded with directions to issue the writ subject to the right of the State to retry Appellant at the next regular term of Court.

Reversed and remanded.