**Charles DAVIDA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 304–69.**

United States Court of Appeals, Tenth Circuit.

Feb. 10, 1970.

Rehearing Denied April 20, 1970.

George S. McCarthy, Amarillo, Tex., for appellant.

Hubert A. Marlow, Asst. U. S. Atty., for the Northern District of Oklahoma, for appellee.

Before HICKEY and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.

EUBANKS, District Judge.

Appellant, Charles Davida, was convicted in a jury trial of passing a counterfeit $5.00 federal reserve note at a service station in Tulsa, Oklahoma and was sentenced to five years imprisonment. The prosecution was under Title 18, United States Code, Section 472. This is a direct appeal from that conviction and sentence.

Evidence presented at the jury trial revealed that the Appellant had passed a counterfeit $5.00 note in Webb City, Missouri prior to the Tulsa offense. This evidence is not attacked by Appellant. After the Tulsa offense, the evidence revealed that Appellant passed a counterfeit $5.00 note at a service station in Amarillo, Texas. This evidence is not attacked by Appellant. However, very shortly after the $5.00 counterfeit note was passed in Amarillo, the service station attendant receiving the note discovered it was counterfeit and notified the Amarillo City Police, giving them a description of the Appellant and the Cadillac car he was driving. Shortly thereafter Amarillo police spotted the car at a restaurant and observed the Appellant enter the same and drive away. They then stopped the Appellant in the car, took him to the City Jail and took his Cadillac car to a garage where the same was impounded. There were no United States Secret Service Agents situated in Amarillo but agents located in Dallas had jurisdiction over the Amarillo area. The Amarillo police called the Secret Service in Dallas and reported the incident. After this call, the Amarillo police obtained a state search warrant from a Texas Justice of the Peace and searched the Appellant's Cadillac car. Thirty counterfeit $5.00 notes were found under the floor mat of the car. The result of this search was admitted in evidence by the trial court over the objection of the Appellant.

Appellant cites Navarro v. United States, 5 Cir., 400 F.2d 315, in support of his claims that the said search and seizure was illegal as Rule 41(a), Feder-

al Rules of Criminal Procedure, requires that a search warrant issued by a judge of a state court, in order to be valid, must be issued by a state court of record. It is agreed that a Texas Justice of the Peace is not a court of record.

However, the Government urges that the said search and evidence seized therefrom did not require a search warrant and that the cautionary use of one, even if deemed to be contrary to Rule 41(a), Federal Rules of Criminal Procedure, did not serve to make the search invalid and the evidence seized therefrom inadmissible in court. In this connection, the Government relies on 49 U.S.C. § 783, which makes it the duty of an officer authorized by law, whenever he shall discover a vehicle which has been or is being used in violation of the law in the transportation of a contraband article, to seize the same. Said statute reads:

§ 783. *Designation of officers by Secretary of Treasury; duties of officers*

The Secretary of the Treasury is empowered to authorize, or designate, officers, agents, or other persons to carry out the provisions of this chapter. It shall be the duty of any officer, agent, or other person so authorized or designated, or authorized by law, whenever he shall discover any vessel, vehicle, or aircraft which has been or is being used in violation of any of the provisions of this chapter, or in, upon, or by means of which any violation of this chapter has taken or is taking place, to seize such vessel, vehicle, or aircraft and to place it in the custody of such person as may be authorized or designated for that purpose by the Secretary of the Treasury, to await disposition pursuant to the provisions of this chapter and any regulations issued hereunder.

Counterfeit federal reserve notes are contraband. 49 U.S.C. § 781(b) (3). The Amarillo police officers involved were authorized by law and fully empowered to enforce a federal criminal statute involving a felony when they had probable cause to believe that the same had been or was being violated. Articles 14.04 and 14.05, Vernon's Ann.Texas Code of Criminal Procedure; United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); Whitlock v. Boyer, 77 Ariz. 334, 271 P.2d 484 (1954); Rent v. United States, 209 F.2d 893 (Fifth Cir. 1954); Buick v. United States, 396 F.2d 912 (Ninth Cir. 1968); Marsh v. United States, 29 F.2d 172 (Second Cir. 1928); Dorsey v. United States, 174 F.2d 899 (Fifth Cir. 1949). Here, the Amarillo police had probable cause to believe that the Appellant had violated federal law in passing a $5.00 counterfeit note at an Amarillo service station and was using his Cadillac car in doing so. This probable cause was obtained from the Amarillo victim of Appellant, the service station attendant, who provided a description of the Appellant and also the Cadillac car in which he drove into and out of the service station in connection with his passing the $5.00 counterfeit note. Thus, the Amarillo police had probable cause to believe that federal law had been violated with reference to the passing of a $5.00 counterfeit note in Amarillo and they were authorized to enforce said law by arresting the Appellant and seizing his Cadillac car used in the commission of the offense.

Several courts, including our Circuit, have held that a vehicle which has been lawfully seized because of use in transporting contraband may be searched without a search warrant or the consent of the possessor owner, and evidence so discovered may be properly admitted in a contraband prosecution. This is pursuant to the Contraband Seizure Act, 49 U.S.C. § 781 et seq. Sirimarco v. United States, 315 F.2d 699 (Tenth Cir. 1963); Drummond v. United States, 350 F.2d 983 (Eighth Cir. 1965); United States v. Troiano, 365 F.2d 416 (Third Cir. 1966); United States v. Ziak, 360 F.2d 850 (Seventh Cir. 1966); Burge v. United States, 342 F.2d 408 (Ninth Cir.

1965); United States v. Francolino, 367 F.2d 1013 (Second Cir. 1966). The United States Supreme Court in Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), approved a warrantless search under the seizure and forfeiture doctrine. In Cooper the car was seized by state police when the driver was arrested for narcotics violations (also contraband) in which the car was involved. The warrantless search occurred one week after the arrest and seizure and the evidence obtained thereby was held to be admissible in evidence.

■■ The argument made by Appellant that the Amarillo police did not seize Appellant's Cadillac car is without support in fact or law. When a vehicle is taken into police custody under the circumstances of this case, it is seized within the meaning of the seizure and forfeiture statutes. Lockett v. United States, 390 F.2d 168 (Ninth Cir. 1968). This case held:

> "It is plain from the record that when Morbello and the other officers searched the car they had physical possession of it. Without that possession search would have been impossible. Thus, it cannot be questioned but that at the moment the vehicle had been 'seized' within the meaning of Title 49 § 782. That it was rightfully seized is crystal clear for Morbello and the others knew absolutely that it had been used to transport contraband * * *." p. 172

Our Circuit has held that a search not made under subjective claim or knowledge of the right to make the same but in fact lawfully made remains lawful and the evidence obtained is admissible. Sirimarco v. United States, supra. This case provides:

> "A lawful search, though not made under subjective claim or knowledge or right, remains lawful and evidence so obtained is admissible. Here, the agent took control of the car, searched it and seized contraband. He intended to do what he did and his actions constituted a continuous course of conduct. The conduct was justified because the agent had probable cause to seize the vehicle and the legality of his actions are not affected by his subjective beliefs."

It is, thus, immaterial that federal and Amarillo officers decided to obtain an unnecessary state search warrant and it is also immaterial that the Secret Service agent may have believed that the car was not seized until after the thirty counterfeit notes were found under the floor mat. On probable cause, the Appellant was arrested by Amarillo police officers for passing a counterfeit $5.00 note in Amarillo and his car used in connection with said crime, as reported to the Amarillo police by his victim, was effectively seized by the Amarillo police officers under the seizure and forfeiture statutes above mentioned when they took the car into custody after stopping and arresting the Appellant while driving the same. Officers of the law cannot be held to know all of the niceties of the law and if it is determined that their actions have the sanction of the law, such actions are completely legal for all purposes and any evidence obtained thereby is admissible in court.

■ Appellant also urges error in the out-of-court identifications of himself by photographs presented to certain witnesses to whom he had passed $5.00 counterfeit notes. In some instances this was accomplished through the use of only one photograph (of Appellant) and in one instance with several different photographs being presented (including one of Appellant). However, at the trial all of the witnesses positively identified the Appellant in the courtroom and testified that their courtroom identification was independent of photographs earlier shown to them. In these circumstances, the in court identification of Appellant was entirely proper and Appellant did not suffer a denial of due process or prejudice. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). And see United States v. Broadhead, 413 F.2d 1351 (Seventh Cir. 1969), holding that

if there is an independent basis for an in court identification of the accused, there is no error in permitting a witness to make such identification even though an improper line-up had been conducted (There was no line-up conducted in our case.)

Affirmed.