Alan Eugene **REED**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 481–70.

United States Court of Appeals, Tenth Circuit.

March 15, 1971.

Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., have filed a memorandum supporting summary affirmance on behalf of appellee.

Alan Eugene Reed has filed memoranda in opposition to summary affirmance pro se and by Eugene T. Hackler, Olathe, Kan., attorney.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

In 1966, Reed was convicted by a jury of wilfully and maliciously murdering a fellow inmate in the United States Penitentiary at Leavenworth, Kansas, and sentenced to sixty (60) years' imprisonment. The judgment was affirmed on appeal. Reed v. United States, 377 F.2d 891 (10th Cir. 1967). He is presently incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania.

By motion under 28 U.S.C.A. § 2255, Reed attacks the judgment, claiming that: (1) The government unwittingly used perjured testimony in obtaining the conviction; (2) He was denied effective assistance of counsel; (3) He was mentally incompetent at the time of trial; (4) Improper comments made by the prosecuting attorney constituted prejudicial error; and, (5) The government withheld evidence favorable to the defense during the trial.

Unless the records and files conclusively show that the prisoner is not entitled to relief, a hearing is required prior to disposition of a § 2255 motion. Upon examination of the case files, records, and trial transcript, the district court found that no factual issues existed as to the grounds numbered 1–4 and that the records had conclusively shown that those claims were without merit.

The district court's summary dismissal of the first four claims listed above was not improper. The assertion that perjured testimony was instrumental in obtaining Reed's conviction is legally insufficient to entitle him to relief, since he does not allege the requisite knowledge by the prosecution. Holt v. United States, 303 F.2d 791 (8th Cir. 1962) and Enzor v. United States, 296 F.2d 62 (5th Cir. 1961), cert. denied, 369 U.S. 854, 82 S.Ct. 940, 8 L.Ed.2d 12 (1962). Nor does the transcript of the trial reflect ineffective legal representation, for the proceedings therein could not be characterized as a sham or a mockery by any measure. Kienlen v. United States, 379 F.2d 20 (10th Cir. 1967). The trial transcript is also conclusive upon the allegations regarding mental incompetency and prejudicial comments by the prosecution. Reed's testimony at trial suggests an alert and unimpaired mental state; and cross-examination of Reed touched on his previous reluctance to discuss the murder with investigating authorities only after he had introduced an alibi defense.

The final allegation, which charged that the government suppressed evidence favorable to the defense, was deemed not suitable for such summary disposition, however, since the contention presented

a factual issue not capable of resolution on the basis of the available documents in the case. In support of the allegation, Reed has asserted that a prison officer, who had given chase after confronting two men emerging from the slain inmate's cell and who positively and personally identified Reed as one of the assailants both on the day of the offense and when examined at trial, had earlier identified another inmate, one Nash, as the assailant. Reed states that the testimony of Nash would have been crucial, but that the government sequestered Nash as a suspect in the slaying before and during the trial and thereby prevented the defense from discovering the existence of an allegedly valuable witness.

Having concluded that this issue could be fully developed by the use of depositions in lieu of the production of oral testimony, the district court appointed an attorney to represent Reed and ordered that depositions of all material witnesses be taken by written interrogatories. Responses to the interrogatories and cross-interrogatories indicated that Nash had never been identified as an assailant by the prison officer; that Nash had been isolated for his own protection; and, that Reed was the sole individual identified by the prison officer. A sworn oral deposition taken of Nash by Reed's attorney revealed that Nash was one of many initial suspects questioned immediately following the slaying, but that this status terminated after a brief period.

In view of the facts thus disclosed, the court determined that there had been no suppression of evidence and denied the motion. We affirm.

■ A prisoner need not always be afforded a sojourn to the sentencing court for a personal appearance at the hearing, as an investigation of a controverted issue of fact may be had by other means. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) and Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962). See also 28 U.S.C.A. § 2246.

■ The utilization of depositions by written interrogatories and cross-interrogatories seems appropriate in the instant case. If there be any vice in such procedure, " * * * it is in wording (the interrogatories) so generally that they are unresponsive to the need of the Court for specific facts." McGarrah v. Dutton, 381 F.2d 161, 165 (5th Cir. 1967), appeal after remand, 398 F.2d 829 (5th Cir. 1968). The interrogatories propounded here did not contain general legal conclusions attired in the grammatical garb of inquisitive sentences. Rather, they were specific questions designed to elicit the facts necessary for a determination of the issue.

That any new facts may emerge during a hearing at which Reed and the several witnesses would be allowed to testify in open court appears to be the product of unwarranted speculation. The prison officer has unequivocally declared, under oath, that he identified only Reed. The other responses comport with this testimony and belie the allegation that the prosecution withheld certain evidence. It would be unreasonable to presume that these statements would now be altered.

Reed was notified that the court was considering summary affirmance. He has filed two memoranda addressing the merits and opposing summary disposition. In addition, appellee has submitted a memorandum in support of such action. A thorough review of the file, record and transcript in this case convinces us that the judgment of the district court was correct.

Accordingly, the judgment of the district court is affirmed on the court's own motion, pursuant to Rule 8 of the Revised Rules of this Court, effective January 1, 1970.