Charles **DAVIDA**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 71–C–51.

United States District Court,
N. D. Oklahoma,
Civil Division.

April 22, 1971.

Sam Houston Allen, Van Nuys, Cal., for plaintiff.

Nathan G. Graham, U. S. Atty., Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

The above Plaintiff, whose jury conviction in this Court for passing counterfeit money has been affirmed by the United States Court of Appeals, Tenth Circuit, 422 F.2d 528, and Certiorari Denied by the United States Supreme Court, now moves under 28 U.S.C. § 2255 to vacate his said conviction and the sentence based thereon because allegedly he was served by ineffective counsel at his trial before this Court.

This trial counsel was privately retained and in the opinion of the Court as Trial Judge did an outstanding job on behalf of Plaintiff in the face of the overwhelming guilt of the Plaintiff as shown by the evidence of the Government. Apparently the Plaintiff did not think too ill of the representation he received by his privately retained counsel before this Court, for he further privately engaged him to represent him on his Appeal from this Court and on his Petition for Certiorari to the United States Supreme Court.

Our Circuit in the recent case of Plaskett v. Page, 439 F.2d 770 (Tenth Cir. 1971) said:

> "Plaskett selected his own counsel and the effectiveness of that counsel is his responsibility."

If this case for any reason should not dispose of Plaintiff's Motion adversely to him, then the test delineated by our Circuit in claimed ineffective counsel cases is that the Plaintiff must show that because of ineffective counsel his trial was a farce and mockery of justice. Hanks v. United States, 420 F.2d 412 (Tenth Cir. 1970); Criser v. United States, 319 F.2d 849 (Tenth Cir. 1963); Frand v. United States, 301 F.2d 102 (Tenth Cir. 1962). For the record as the Trial Judge, I certify that the repre-

sentation received by the Plaintiff from his privately retained counsel in the trial before this Court was of extremely high quality and did not by any means cause Plaintiff's trial to be a farce or a mockery of justice. A transcript of the trial has been filed herein and will fully support the above certificate. In Reed v. United States, 438 F.2d 1154 (Tenth Cir. 1971) our Circuit said:

> "Nor does the transcript of the trial reflect ineffective legal representation, for the proceedings therein could not be characterized as a sham or a mockery by any measure."

Should this Order be appealed, the Appellate Court is invited to read said transcript.

For the foregoing reasons, Plaintiff's Petition is without merit and is dismissed.