Jason **READY,** husband; Arline **Ready,** wife, Plaintiffs—Appellants,

v.

**CITY OF MESA,** a body politic; **W.J. Ricci,** an individual; **Mark Garera,** an individual, Defendants—Appellees.

No. 02–17102.
D.C. No. CV–01–00115–SRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Feb. 10, 2004.

---

**3.** See *Gui v. INS,* 280 F.3d 1217, 1222–23, 1230 (9th Cir.2002).

**4.** 8 C.F.R. § 208.18(a)(2).

**5.** *Al–Saher v. INS,* 268 F.3d 1143 (9th Cir. 2001).

Paul M. Rybarsyk, Owens, Rybarsyk, & Nussbaum, Scottsdale, AZ, Antonio M. Rosacci, The Rosacci Law Firm, P.C., Phoenix, AZ, for Plaintiff–Appellant.

Rosemary H. Rosales, Mark D. Ishikawa, Catherine M. Bowman, City of Mesa Attorney's Office, Deputy City Attorney, Mesa, AZ, for Defendant–Appellee.

Before O'SCANNLAIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM *

Based on the events arising from a traffic stop on April 1, 2000, Jason and Arline Ready sued Sergeant William Ricci and Officer Mark Garera in their individual capacities as well as the City of Mesa (collectively "Defendants"), alleging tort claims of assault, battery, negligence, in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tentional and negligent infliction of emotional distress, false arrest and imprisonment, abuse of process, and malicious prosecution. The Readys also filed claims under 42 U.S.C. § 1983 for inadequate training, unlawful arrest and excessive force in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. The Readys filed a motion for partial summary judgment on their claims of assault, battery and false arrest/imprisonment. The Defendants filed a cross-motion for summary judgment on all of the Readys' claims and invoked qualified immunity with respect to the Readys' § 1983 claims. The district court granted the Defendants' motion for summary judgment and denied the Readys' motion for partial summary judgment.[1] The Readys now appeal with respect to all but two of their claims.[2] We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part. Because the parties are familiar with the facts, we discuss the facts only as they are necessary to explain our disposition and do so in the light most favorable to the Readys. *See Alexander v. City & County of San Francisco,* 29 F.3d 1355, 1359 (9th Cir.1994).

### I. § 1983 claims

The district court properly dismissed the Readys' due process claim because "the validity of an arrest must be analyzed under Fourth Amendment standards, not due process standards." *Picray v. Sealock,* 138 F.3d 767, 770 (9th Cir.1998). Accordingly, we turn to the Readys' Fourth Amendment claims.

█ Sergeant Ricci did not use excessive force when he drew and pointed his gun at the Readys. Even though the Readys committed only a traffic violation and were not resisting the officers in any way, a reasonable officer could believe that the Readys posed some threat to his safety because the Readys were armed with guns in the vehicle in a high crime neighborhood at 1 a.m. *See Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Sergeant Ricci's use of his gun is questionable, but in light of the facts and circumstances confronting the officers, we cannot say that it was "objectively unreasonable." *Id.* at 397. The present situation is unlike *Robinson v. Solano County,* 278 F.3d 1007 (9th Cir.2002) (en banc), where we held that a suspect's "earlier use of a weapon, that he *clearly no longer carried,* is insufficient to justify" pointing a gun at the suspect's head. *Id.* at 1014 (emphasis added).

█ However, the Readys offered sufficient evidence to withstand summary judgment on their unlawful arrest claim. Even though Sergeant Ricci's use of his gun did not necessarily convert the stop to an arrest, the officers proceeded to handcuff Mr. Ready behind his back and lock him in a patrol car after they had secured the guns in the Readys' vehicle, searched Mr. Ready multiple times and discovered his gun license. A prolonged confinement in a patrol car while in handcuffs would not have been justified by the totality of the circumstances as they appear on this summary judgment record. *See United States v. Ricardo D.,* 912 F.2d 337, 340 (9th Cir. 1990); *United States v. Chamberlin,* 644 F.2d 1262, 1267 (9th Cir.1980). There was no indication that Mr. Ready was going to flee. *See Ricardo D.,* 912 F.2d at 340. He

---

1. Because the district court did not reach the qualified immunity question, we decline to do so on this appeal.

2. The Readys do not contest the district court's grant of summary judgment with respect to their claims of negligence and negligent infliction of emotional distress.

did not physically resist the officers in any way. Moreover, there were five officers at the scene, reducing the need to handcuff and lock Mr. Ready in a patrol car while Sergeant Ricci investigated further. *See id.* at 341. Indeed, Sergeant Don Rudd waited on the sidewalk with Mrs. Ready without handcuffing her or putting her in the patrol car even though she was also in possession of a gun while in the vehicle. Lastly, Sergeant Ricci needed time to perform only a computer check for outstanding warrants and valid gun registration. Because the duration of confinement is disputed, there is a genuine issue of material fact as to whether the detention amounted to an arrest. In addition, the Defendants have not argued that the officers had probable cause to believe Mr. Ready had committed or was about to commit a crime; therefore, the district court erred in granting summary judgment to the officers to the Readys' unlawful arrest claim.[3]

Nevertheless, summary judgment for the City of Mesa is proper because there is no evidence in the record that any inadequacy of training was a "deliberate" or "conscious" choice by the City. *Alexander v. City & County of San Francisco*, 29 F.3d 1355, 1367 (9th Cir.1994).

## II. Common law tort claims

■ The district court properly granted summary judgment to the Defendants with respect to all but two of the Readys' common law tort claims—false arrest/imprisonment and malicious prosecution. Sergeant Ricci is not liable for assault, battery, or intentional infliction of emotional distress based on the use of his gun. Sergeant Ricci was justified by Arizona law in threatening to use deadly physical force because the Readys had a gun within reach. *See* Ariz.Rev.Stat. § 13–410(D) (2003). Therefore, Sergeant Ricci cannot be liable in tort for drawing and pointing his gun at Mr. Ready. *See id.* § 13–413.

■ Moreover, Sergeant Ricci is not liable for intentional infliction of emotional distress for his subsequent conduct in handcuffing and detaining Mr. Ready because this conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Johnson v. McDonald*, 197 Ariz. 155, 3 P.3d 1075, 1080 (1999) (internal quotation marks omitted).

■ However, summary judgment on the false arrest claim, a species of false imprisonment, is inappropriate because there are genuine issues of material fact concerning whether Mr. Ready was detained with "lawful authority." *Reams v. City of Tucson*, 145 Ariz. 340, 701 P.2d 598, 601 (1985). Sergeant Ricci was authorized under Arizona law to initiate a traffic stop of the Readys' car due to their broken tail light, which is a civil violation in Arizona. *See* Ariz.Rev.Stat. §§ 13–3883(B), 28–121, 28–925(A). However, to make a warrantless arrest, the officers needed probable cause to believe that the Readys had committed a criminal offense. *Id.* § 13–3883(A). For the reasons discussed above, there are genuine issues of material fact that preclude summary judgment for either the Readys or the Defendants on the false arrest claim.

Also, the Defendants are not entitled to summary judgment on Readys' claim of malicious prosecution. This claim is based on two traffic citations issued by Sergeant Ricci: one for failing to have operational tail lamps, the other for driving on the left

---

3. Because Sergeant Ricci and Officer Garera both participated in the arrest, each is potentially liable for unlawful arrest.

side of the road. With respect to the first citation, the Readys cannot establish a malicious prosecution claim because the Readys admitted the lights were broken. Hence, there was probable cause to issue the citation, providing a complete defense to malicious prosecution. *See Slade v. City of Phoenix,* 112 Ariz. 298, 541 P.2d 550, 553 (1975).

■ With respect to the second citation, however, the Readys have offered sufficient evidence on all the elements of malicious prosecution to survive summary judgment. First, Sergeant Ricci initiated civil proceedings against Mr. Ready by issuing the citation for driving on the left side of the road. *See Joseph v. Markovitz,* 27 Ariz.App. 122, 551 P.2d 571, 573 (1976). Second, Mr. Ready testified that the judge dismissed the citation. Thus, the proceedings were terminated in his favor. *See id.* Third, according to Mr. Ready, he never wove or drove on the left side of the road. If this is true, Sergeant Ricci's issuance of the citation would not be "objectively reasonable" in light of the facts and would thus lack probable cause. *See Bradshaw v. State Farm Mutual Auto. Ins. Co.,* 157 Ariz. 411, 758 P.2d 1313, 1319 (1988). Fourth, because malice "can be inferred from a lack of probable cause," there is a genuine issue of material fact as to malice as well. *Cullison v. City of Peoria,* 120 Ariz. 165, 584 P.2d 1156, 1160 (1978). Moreover, Mr. Ready testified that Sergeant Ricci was going to cite Mr. Ready for a number of other untrue violations, such as driving without a seatbelt, but was stopped by another officer from doing so. A factfinder could reasonably infer from this evidence that Sergeant Ricci acted with bad intentions in conjuring up baseless citations. Fifth, Mr. Ready suffered damages because, according to his affidavit, he experienced emotional distress and incurred costs in hiring an attorney to defend against the citation. *See Bradshaw,* 758 P.2d at 1319.

Nevertheless, the Readys have not offered sufficient evidence to withstand summary judgment on their abuse of process claim because abuse of process requires more than bad intentions but rather an "ulterior purpose." *Morn v. City of Phoenix,* 152 Ariz. 164, 730 P.2d 873, 875 (1986). "[T]here is no action for abuse of process when the defendant uses the process for its authorized or intended purpose," as Sergeant Ricci did here, "even though with bad intentions [or] an incidental motive of spite." *Id.* (internal quotation marks omitted).

In sum, the district court properly granted summary judgment to the Defendants on the Readys' excessive force and inadequate training claims under § 1983 but not their unlawful arrest claim. Furthermore, the district court properly granted summary judgment to the Defendants on the tort claims of assault, battery, intentional infliction of emotional distress and abuse of process, but not malicious prosecution or false arrest/imprisonment, on which summary judgment is inappropriate for either party.

Each party shall bear its own costs.

**AFFIRMED in part, REVERSED in part and REMANDED.**