543 P.2d 477

**WHITTAKER CORPORATION, a California Corporation, Appellant,**

v.

**ESTATE of Dan M. KING, Deceased, Appellee.**

**No. I CA–CIV 2758.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 9, 1975.

Law Offices of Gerald B. Hirsch, by Steven D. Hamilton, Tucson, for appellant.

Streich, Lang, Weeks, Cardon & French, by Louis A. Stahl, Phoenix, for appellee.

OPINION

FROEB, Judge.

A complaint was filed by Whittaker Corporation in the Maricopa County Superior

Court to recover on a creditor's claim then due against the Estate of Dan M. King, deceased. It was thereafter dismissed on motion because it was not filed within the three-month period following rejection of the claim by the estate in accordance with Arizona Revised Statutes, § 14–579(A), then in effect. (The provision has since been repealed by the revision of Arizona probate laws effective January 1, 1974.)

The summons and complaint were prepared and mailed to the Clerk of the Superior Court for filing, together with the required filing fee. The Clerk received them on November 20, 1973, which was within the period of limitation in A.R.S. § 14–579(A). Instead of filing the complaint, as requested, a deputy clerk returned the summons and complaint to the sender because of failure to comply with Rule XII of the Uniform Rules of Practice. Thereafter, the sender complied with the rule and again mailed the complaint to the Clerk's office and it was filed. By this time, however, the three-month period had expired, subjecting the complaint to dismissal.

The Uniform Rules of Practice of the Superior Court were adopted by the Arizona Supreme Court pursuant to its rule-making authority found in Article 6, Section 5 of the Arizona Constitution. They are procedural in nature and generally relate to the management and expeditious handling of the cases on the Superior Court docket. Rule XII relates to the duties of counsel with respect to advising the court as to the status of cases, settlement, withdrawal and substitution of counsel, and the classification of civil actions. Paragraph (d) of the rule is involved here and states:

(d) Classification of civil actions. Counsel for plaintiff or petitioner shall describe in the caption of each complaint or petition filed with the court the nature of the civil action or proceeding, as follows: Tort Motor Vehicle, Tort Non-Motor Vehicle, Contract, Domestic Relations, Eminent Domain or Nonclassified Civil, Writ of Garnishment.

It is plain that the purpose of the rule is to assist the courts in the assignment and recordkeeping of cases. The rule does not authorize the Clerk of the Superior Court to reject the filing of the complaint if there is noncompliance with the classification requirement. The Clerk may, however, reject the filing pursuant to an order of the court to that effect. However, the rejection will not be held to affect the timeliness of filing if such an issue later arises.

In view of this, we hold the complaint was constructively filed on November 20, 1973, and that it should not have been dismissed. The Judgment ordering dismissal is therefore vacated and set aside.

Since we have decided the case on this ground, it is unnecessary to consider the other arguments raised by appellant.

Reversed.

OGG, P. J., and DONOFRIO, J., concurring.