IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| JAMES DENNIS ROWLAND, | ) | |
| | ) | 2 CA-CV 2004-0209 |
| Plaintiff/Appellant, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| KELLOGG BROWN AND ROOT, INC., | ) | |
| and KELLOGG BROWN AND ROOT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CV-200400027

Honorable Stephen M. Desens, Judge

REVERSED

---

McNamara, Goldsmith, Jackson & Macdonald, P.C.
  By Bruce G. Macdonald and Sue Ann Welch                                    Tucson
                                                    Attorneys for Plaintiff/Appellant

Humphrey & Petersen, P.C.
  By Elizabeth L. Warner and Andrew J. Petersen                              Tucson
                                                    Attorneys for Defendants/Appellees

---

E S P I N O S A, Judge.

**¶1**        Appellant James Rowland contends the trial court erred by granting summary

judgment in favor of appellee Kellogg, Brown and Root, Inc., and dismissing Rowland's

personal injury action on the ground that the applicable limitations period had elapsed before he had filed a valid complaint. We agree and reverse.

### Factual and Procedural Summary

¶2       In reviewing a grant of summary judgment, we view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A.*, 198 Ariz. 173, 7 P.3d 979 (App. 2000). On September 28, 2001, Rowland was apparently injured by an employee of Kellogg while working at Fort Huachuca. He obtained counsel, who later withdrew after advising him of the deadline for filing a complaint. Thereafter, Rowland sent a letter and filing fee to the Clerk of the Cochise County Superior Court a few days before the two-year limitations period, established by A.R.S. § 12-542, was to elapse.

¶3       The letter stated:

> On September 28th 2001, James D Rowland was injured by a forklift operator employed by Brown and Root. Accident took place at Fort Huachuca Arizona. Law suite [sic] would be for Liability damages, bodily injuries, down time, and medical expenses, in the amount of Five million dollars.
>
> Please call me with any questions.

The letter also included Rowland's name, address, and telephone numbers and a caption of "Re: Rowland VS Brown And Root." Finally, it was addressed "[t]o whom it may concern," and was accompanied by the $130 filing fee.

¶4       The Clerk refused to file this document, instead returning it and Rowland's filing fee to him "because the appropriate civil complaint was not sent to [their] office."

Rowland then obtained new counsel, who filed a complaint that was clearly outside the limitations period, but properly served the defendants within 120 days of both the filing of that complaint and the original attempt to file the letter, in compliance with Rule 4(i), Ariz. R. Civ. P., 16 A.R.S., Pt. 1. The trial court granted Kellogg's motion for summary judgment based on § 12-542. This appeal followed.

## Standard of Review

¶5        Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c), 16 A.R.S., Pt. 2. We first determine if any genuine issue of material fact exists, and if there is none, we then determine whether the trial court correctly applied the law. *Aaron v. Fromkin*, 196 Ariz. 224, 994 P.2d 1039 (App. 2000). Issues concerning the interpretation of statutes and court rules present questions of law. *See Powers v. Carpenter*, 203 Ariz. 116, 51 P.3d 338 (2002); *Fragoso v. Fell*, No. 2 CA-SA 2005-0001, 2005 WL 1097302 (Ariz. Ct. App. May 10, 2005); *Koller v. Ariz. Dep't of Transp.*, 195 Ariz. 343, 988 P.2d 128 (App. 1999); *Schwab Sales, Inc. v. GN Constr. Co.*, 196 Ariz. 33, 992 P.2d 1128 (App. 1998). Because the parties agree on most of the facts and all relevant dates in the case, we review *de novo* whether the trial court erred in applying the law. *Nelson v. Rice*, 198 Ariz. 563, 12 P.3d 238 (App. 2000).

## Discussion

¶6        Section 12-542 requires a plaintiff to commence an "action" for negligence within two years "after the cause of action accrues." Rule 3, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, provides that an "action" is commenced by the filing of a "complaint." Failure to do

3

so within the time limit generally bars a negligence action. *See Safeway Stores, Inc. v. Maricopa County Superior Court*, 19 Ariz. App. 210, 505 P.2d 1383 (1973). Thus, filing a complaint is critical for purposes of the statute of limitations.

¶7        Rowland initially argues that the superior court clerk's office did not have the authority to refuse to file his document, noting that no Arizona law provides such discretion to the clerk. Kellogg responds that "[a]ppellant's letter was not a complaint . . . [and] [t]he court was not required to treat it as a complaint." Although this argument was presented below, the trial court did not address this issue in its order granting summary judgment.

¶8        *Whittaker Corp. v. Estate of King*, 25 Ariz. App. 356, 543 P.2d 477 (1975), appears to be the only Arizona case that addresses a similar issue. In *Whittaker*, the plaintiff filed a complaint to recover on a creditor's claim against a probate estate within the ninety-day period prescribed by former A.R.S. § 14-579(A), but the Clerk of the Maricopa County Superior Court refused to accept it because it did not comply with Rule XII of the Uniform Rules of Practice.[1] Whittaker corrected the deficiency and returned the document, but the ninety-day period had elapsed and the complaint was dismissed. Division One of this court vacated the dismissal and held that the existing rule did not authorize the clerk to reject a filing for non-compliance, and Whittaker's complaint was held to have been "constructively filed" when it had submitted the first document.

---

[1]The Uniform Rules of Practice of the Superior Court were abrogated as of December 1, 2000. 198 Ariz. XXXIX (2000).

¶9 Neither party has directed this court to an Arizona statute or rule that permits the clerk of the court to reject an improperly formatted or deficient pleading, and we have found none. Although Kellogg cites Rule 4(a), Ariz. R. Civ. P., that rule only codifies the clerk's duties in issuing summonses. We need not dwell on this issue, however, because we find Rowland's letter constituted a valid complaint, which would have been filed within the limitations period had the clerk accepted it.[2]

¶10 We agree with Rowland that his letter, although technically deficient, adequately fulfilled the requirements of notice pleading as it exists in Arizona for purposes of the statute of limitations. Kellogg points out the numerous technical deficiencies in the document and insists that it cannot be considered a complaint. But because Arizona is a notice pleading state, a complaint need only have "a statement of the ground upon which the court's jurisdiction depends, a statement of the claim showing that the pleader is entitled to relief and a demand for judgment." *Morn v. City of Phoenix*, 152 Ariz. 164, 166, 730 P.2d 873, 875 (App. 1986); *see also* Ariz. R. Civ. P. 8(a), 16 A.R.S., Pt. 1.

¶11 As Kellogg points out and Rowland concedes, the letter did not comply with the requirements of Rules 8(g), 8(h), 10(a) and 10(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 1. Rowland failed to comply with Rule 8(g) because he stated a specific dollar amount for his damages and did not recite that "the minimum jurisdictional amount established for filing the action has been satisfied." Additionally, Rowland did not include the classification of his

---

[2]We do not fault the superior court clerk's office for its action in this case, given the close and novel issue presented and the marginally adequate nature of Rowland's "complaint."

action required by Rule 8(h). He also failed to comply with three subsections of Rule 10, Ariz. R. Civ. P., which govern the form of pleadings. Rowland did not comply with Rule 10(a) because he omitted a formal caption from his letter. He failed to follow Rule 10(b) by not numbering each paragraph and including only one claim "limited . . . to a statement of a single set of circumstances." Finally, Rowland did not comply with the specific formatting requirements of Rule 10(d).[3]

¶12     Despite all of these deficiencies, Rowland argues they were not fatal for purposes of the statute of limitations. We agree. Rule 8(a) specifies the information required in "[a] pleading which sets forth a claim for relief," but does not refer to a "complaint." Rowland asserted that the accident occurred in Fort Huachuca, Arizona. "Actions against . . . corporations may be brought in any county in which the cause of action, or a part thereof, arose." A.R.S. § 12-401(18). Rowland also asserted that he had been injured by an employee of Brown and Root, and that the "accident" created "liability" for "damages, bodily injuries, down time and medical expenses." From that language, one may reasonably infer that Rowland made "a statement of the claim showing that the pleader is entitled to relief." *Morn*, 152 Ariz. at 166, 730 P.2d at 875. Rule 8(a)(3) requires that the pleading contain a demand for judgment. Rowland stated that he sought to hold Brown and Root liable for his damages, and specified the monetary relief he was seeking, which may be reasonably

---

[3]Kellogg also contends that Rowland's letter does not comply with Rule 3, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, which states that "[a] civil action is commenced by filing a complaint with the court." Because the central issue we address here is the sufficiency of Rowland's letter to serve as the complaint, we need not address this argument separately.

construed as a demand for judgment. Finally, the formatting requirements of Rule 10(d) may be waived by the court *sua sponte*, or at the request of any party.

¶13        Significantly, Rule 8(e)(1), Ariz. R. Civ. P., states: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading . . . are required." Rule 8(f), Ariz. R. Civ. P., requires that "[a]ll pleadings . . . be so construed as to do substantial justice." And Rule 1, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, states that "[these rules] shall be construed to secure the just, speedy, and inexpensive determination of every action." Rowland's letter conforms to the standard of Rule 8(e)(1), and construing it as a complaint for purposes of the statute of limitations provides Rowland an opportunity to have his claim determined on its merits. "[D]ismissal of an action based on expiration of the statute of limitations is generally disfavored . . . [although] claims that are clearly brought outside the relevant limitations period are conclusively barred." *Montano v. Browning*, 202 Ariz. 544, ¶ 4, 48 P.3d 494, 496 (App. 2002).

¶14        In addition to challenging Rowland's letter for noncompliance with Rules 8 and 10, Ariz. R. Civ. P., Kellogg further asserts that the letter, which includes Rowland's typed name but not his signature, must be stricken under Rule 11(a), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, relying on *Safeway Stores*. But the applicable version of Rule 11(a) only requires that an unsigned pleading be stricken "unless it is signed promptly after the omission is called to the attention of the pleader or movant." We find Kellogg's argument unavailing because there is no indication in the record that Rowland had ever been informed of this omission and refused to sign.

7

¶15      We note that both in its brief and at oral argument, Kellogg disputed Rowland's assertion that the letter adequately provided the notice required by the Rules because it "would survive a motion for failure to state a claim pursuant to Ariz. R. Civ. P. 12(b)(6), 16 A.R.S., Pt. 1." Kellogg asserted that the letter could not withstand such a motion. But as the Ninth Circuit Court of Appeals stated in *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003):

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). [That rule] requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Dismissal for failure to state a claim is appropriate only if "as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible to proof." *Fidelity Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, ¶ 4, 954 P.2d 580, 582 (1998); *see also Southwestern Paint & Varnish Co. v. Ariz. Dep't of Envtl. Quality*, 191 Ariz. 40, 951 P.2d 1232 (App. 1997), *aff'd in part*, 194 Ariz. 22, 976 P.2d 872 (1999) (dismissal for failure to state a claim proper only when plaintiff cannot prove any set of facts justifying relief). Here, taking Rowland's assertions as true, *Newman v. Maricopa County*, 167 Ariz. 501, 808 P.2d 1253 (App. 1991), he seeks recovery for injuries resulting from an accident caused by a Kellogg employee. Rowland could recover if he proved that the accident was caused by the employee's negligence and that his injuries resulted from the accident. Thus, because the letter, albeit marginally, set forth facts that if proven would entitle Rowland to relief, dismissal under Rule 12(b)(6) would not have been appropriate. *Fidelity*.

8

¶16         In light of our determination that Rowland's letter was sufficient to serve as a complaint under the applicable rules, it is deemed to have been constructively filed before the limitations period had elapsed. *Whittaker*. We therefore need not address Rowland's additional arguments based on lack of prejudice to Kellogg and Arizona's "savings statute," A.R.S. § 12-504.

## Disposition

¶17         Based on the foregoing, the judgment in favor of Kellogg is reversed.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge



_____
M. JAN FLÓREZ, Presiding Judge