Thomas D. GRABINSKI, husband; et al., Plaintiffs—Appellants,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a Pennsylvania corporation; et al., Defendants—Appellees.

No. 05–16987.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 29, 2008.

Rawlinson, Circuit Judge, dissented and filed a separate opinion.

634

Daryl M. Williams, Esq., Craig M. La-chance, Esq., Baird Williams & Greer LLP, Phoenix, AZ, for Plaintiffs–Appellants.

[Ret] Geoffrey S. Kercsmar, Esq., Joel P. Hoxie, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Plaintiffs–Appellants Thomas and Deanne Grabinski appeal the district court's dismissal of their complaint, which alleged an abuse of process claim, for failure to state a claim. The district court erred by evaluating the Grabinskis' complaint under the requirements for sufficiency of proof at trial, instead of the far less stringent requirements for stating a claim under federal pleading standards. We therefore reverse the district court's dismissal of the Grabinskis' complaint pursuant to Fed.R.Civ.P. 12(b)(6).

This action stems from defendant National Union Fire Insurance Co.'s ("National Union") refusal to provide coverage to Thomas Grabinski under directors' and officers' liability insurance policies issued by National Union. Thomas Grabinski sued and ultimately prevailed in a bad faith and breach of contract action against National Union. A jury entered a $2.5 million judgment in Mr. Grabinski's favor awarding compensatory damages, punitive damages, costs and attorneys' fees.

The Grabinskis subsequently sued National Union and its counsel, Steven Kent, for abuse of process in state court based on National Union's conduct during the insurance coverage litigation. National Union removed the action to district court. It then immediately moved to dismiss the Grabinskis' complaint. The district court, relying heavily on the Arizona Court of Appeals' decision in *Crackel v. Allstate Insurance Co.*, 208 Ariz. 252, 92 P.3d 882 (Ariz.App.2004), granted the motion and dismissed the Grabinskis' abuse of process claim for failure to state a claim. The district court went on to dismiss the complaint with prejudice and preemptively denied leave to amend.[1]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The complaint also asserted a claim of "continuing bad faith" that was dismissed with prejudice as well. The Grabinskis did not appeal dismissal of that claim, so dismissal of the abuse of process claim is the only issue before us. Because we reverse the district court's dismissal ruling, the question of whether the district court erred in denying

We review *de novo* dismissal of a complaint for failure to state a claim. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir.2007). "On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005). To comply with the pleading requirements of Fed.R.Civ.P. 8(a)(2), "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

The elements of an abuse of process claim under Arizona law are: "'(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings.'" *Crackel,* 92 P.3d at 887 (quoting *Nienstedt v. Wetzel,* 133 Ariz. 348, 651 P.2d 876, 881 (Ariz.App.1982)). The district court properly recognized these as the two elements of an abuse of process claim. Relying on language from *Crackel,* however, the district court went on to state that a claimant must also "show that the use of process 'could not be logically explained without reference to ... improper motives' [and] [m]ere speculation about the defendant's purposes provides no foundation for an abuse of process claim." District Court Order ("Order") at 8 (quoting *Crackel,* 92 P.3d at 888–89). The district court erred in construing this language from *Crackel*

the Grabinskis leave to amend is no longer an

as a pleading requirement for an abuse of process claim.

In *Crackel,* the Arizona Court of Appeals reviewed a trial court's denial of the defendant's motion for judgment as a matter of law. 92 P.3d at 887. The *Crackel* court's discussion of what a plaintiff must "show" and "establish" to avoid a directed verdict after the close of plaintiff's case at trial, relied on by the district court, does not expand the elements of an abuse of process claim that a plaintiff must merely allege to comply with Fed.R.Civ.P. 8(a)(2). *See id.* at 890–92 (weighing the evidence plaintiff presented at trial under standards for surviving a motion for judgment as a matter of law).

The Grabinskis' complaint sufficiently alleged "willful act[s] in the use of a judicial process," to satisfy the first element of an abuse of process claim. *Id.* at 887. The complaint also generally averred National Union's improper ulterior purposes, alleging that National Union undertook these willful acts for its "personal enrichment and economic well-being ... preferring to look after its own well-being rather than its insureds" and alleging on information and belief that National Union "has a policy of abusing process in situations like those confronting Grabinski." Complaint ¶¶ 9, 11. These allegations state a cognizable abuse of process claim under Arizona law. *Crackel,* 92 P.3d at 892 (a defendant's use of the litigation process "to pursue a corporate policy of deterring future claims" is an improper ulterior motive).

Relying on *Crackel* the district court brushed aside the Grabinskis' allegations of improper purpose, reasoning that "a plaintiff *must show* that an 'alleged improper purpose was the primary motivation for ... the process [used] and that the improper purpose was not merely an inci-

issue.

dental and collateral motivation.'" Order at 10 (quoting *Crackel,* 92 P.3d at 891) (emphasis added). But neither *Crackel* nor the Federal Rules of Civil Procedure require a plaintiff to "show" anything at the pleading stage; a "short and plain statement of the claim showing that the pleader is entitled to relief" is all that is required. Fed.R.Civ.P. 8(a)(2). The Grabinskis' complaint satisfies this standard.

We therefore reverse the district court's dismissal of the Grabinskis' abuse of process claim.

REVERSED.

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent. We have "consistently emphasized . . . that conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir.2007) (citation and internal quotation marks omitted).

The majority disposition faults the esteemed district court judge for relying on language from *Crackel v. Allstate Ins. Co.,* 208 Ariz. 252, 92 P.3d 882 (Ariz.App.2004) requiring a showing that "the defendant's improper purpose was the *primary* motivation for its actions . . ." *Id.* at 889 (citations omitted) (emphasis added). *Crackel* also held that the plaintiff asserting an abuse-of-process claim "must establish that the defendant used a court process in a fashion inconsistent with legitimate litigation goals." *Id.*

The elements that must be established to support a claim must necessarily be alleged in the Complaint. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir. 1984) ("[A] pleading must give fair notice and state the elements of the claim plainly and succinctly.") (citation, internal quota-

tion marks, and alterations omitted). I disagree with the majority's conclusion that general averments in the Complaint were adequate to survive a motion to dismiss. Indeed, in *Crackel,* the Arizona Court of Appeals "reject[ed] [Plaintiffs'] contention that a generalized allegation that a defendant has misused the litigation process as a whole can support a claim of abuse of process." *Crackel,* 92 P.3d at 888. Rather, "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the course of the process, is required . . ." *Morn v. City of Phoenix,* 152 Ariz. 164, 730 P.2d 873, 877 (Ariz.App.1986).

The majority disposition unfairly characterizes the district court's ruling as one that "brushed aside the Grabinskis' allegations of improper purpose." Far from brushing the allegations aside, the district court judge explicitly discussed the allegations and concluded that they were speculative and insufficient to support an abuse-of-process claim. District Court Order pp. 9–10.

The majority disposition also finds fault with the district court's use of the terms "show" and "establish" in discussing the pleading requirements. However, the United States Supreme Court has expressly approved the notion that the Plaintiff must make a *showing* of entitlement to relief. *See Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1965 n. 3, 167 L.Ed.2d 929 (2007) ("Rule 8(a)(2) still requires a '*showing*,' rather than a blanket assertion, of entitlement to relief.") (emphasis added).

Because the district court correctly concluded that the Complaint was insufficient to state a claim under Arizona law, I would AFFIRM.