Ronald Craig FISH, a law corporation, a California corporation, Plaintiff–Appellant,

v.

Thomas G. WATKINS, III, an individual; Skyline MFG Inc., an Arizona corporation, Defendants–Appellees.

No. 07–15095.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Oct. 31, 2008.

Michael G. Ackerman, Esquire, Ackerman and Kevorkian, Santa Clara, CA, Robert Hardy Falk, Esquire, Robert Hardy Falk, P.C., Dallas, TX, for Plaintiff–Appellant.

Brian Holohan, Esquire, Paul E. Vallone, Esquire, Hinshaw & Culbertson LLP, Thomas G. Watkins, Esquire, Phoenix, AZ, for Defendants–Appellees.

Before: BYBEE and BEA, Circuit Judges, and PRO,* District Judge.

MEMORANDUM **

Ronald Craig Fish ("Fish"), a law corporation, challenges the district court's decision to grant a motion to dismiss and a motion for summary judgment in favor of defendants Thomas Watkins and Skyline Manufacturing, Inc. ("Skyline"). Fish argues that the district court erred by (1) finding that none of the improper motives alleged by Fish were sufficient to establish a claim for abuse of process and (2) finding that prior litigation did not terminate in Fish's favor to support a malicious prose-

* The Honorable Judge Philip M. Pro, United States District Court Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cution claim. For the reasons set forth below, we now affirm.[1]

### A. *Abuse of Process*

An abuse of process claim under Arizona law has two main elements: "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Nienstedt v. Wetzel,* 133 Ariz. 348, 651 P.2d 876, 881 (Ariz.Ct.App.1982). Fish alleges that Watkins and Skyline abused legal processes with five improper motives; we conclude that none of these motives can form the basis of an abuse of process action.

#### 1. Patent Applications

■ Fish's first allegation of improper motive—obtaining access to patent applications for commercial purposes—fails because it does not contain any improper "ulterior" purpose. Watkins and Skyline argued in their discovery requests that they had a legal right to obtain access to So–Lite's patent applications to redress the legal injury they had suffered as a result of So–Lite's conduct. Arizona courts have well established that "the gist of [abuse of process] is not ... causing process to issue without justification," but rather a misuse of process for some other ulterior motive or purpose. *Joseph v. Markovitz,* 27 Ariz.App. 122, 551 P.2d 571, 574 (1976); *Nienstedt,* 651 P.2d at 881. Fish's claim thus fails because it merely attacks the *ostensible* argument made by Skyline

and Watkins to justify their discovery requests, rather than pointing out some other ulterior purpose.

#### 2. Conflict of Interest

■ Fish next alleges that Watkins and Skyline used the threat of a lawsuit—and the initiation of the lawsuit itself—to create a conflict of interest, thus forcing Fish to withdraw as counsel. The mere threat of issuing a lawsuit cannot stand as the basis for an abuse of process claim. *Morn v. City of Phoenix,* 152 Ariz. 164, 730 P.2d 873, 877 (Ariz.Ct.App.1986). In addition, "proof of abuse of process requires some act beyond the initiation of a lawsuit." *Joseph,* 551 P.2d at 575. Fish's complaint does not allege any additional procedures beyond the filing of the lawsuit that were performed with the primary motive of creating a conflict of interest.[2]

#### 3. Privileged Communications

■ Fish also alleges that Skyline and Watkins initiated suit and attempted to depose him with the improper purpose of forcing Fish to reveal confidential attorney-client communications. As discussed above, merely initiating suit cannot form the basis of an abuse of process claim. Although Watkins and Skyline attempted to depose Fish in the suit against So–Lite, the district court denied the request. Thus, this claim fails because Fish was not harmed by the alleged procedural abuse. *See Nienstedt,* 651 P.2d at 881. Even if

---

1. We review orders granting a motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) de novo. *Madison v. Graham,* 316 F.3d 867, 869 (9th Cir.2002). We also review an order granting summary judgment de novo. *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir.2002).

2. Fish argues that Arizona decisions in *Nienstedt,* 133 Ariz. 348, 651 P.2d 876, and *Crackel v. Allstate Ins. Co.,* 208 Ariz. 252, 92 P.3d 882, 887 (Ariz.Ct.App.2004), have rejected the hard rule that the filing of a lawsuit cannot,

by itself, constitute abuse of process. To the contrary, both opinions identified specific procedures that had been abused by the defendant with an improper purpose. *Nienstedt,* 651 P.2d at 881 (pointing to a number of specific judicial processes, including "various motions such as motions to compel production, for protective orders, for change of judge, for sanctions and for continuances"); *Crackel* 92 P.3d at 892 (finding that the defendant's conduct "during the mandatory settlement conference ... constituted an abuse of a *specific court process* ") (emphasis added).

Fish could show some harm, he has not alleged an improper purpose because obtaining discoverable attorney-client communications is an acceptable purpose in filing a discovery motion.

### 4. Illegal Advisory Opinion

■ Next, Fish alleges that Watkins and Skyline acted with the improper purpose of obtaining an illegal advisory opinion. This argument merely attacks the ability of a court to grant the relief requested by Skyline in its original complaint. No Arizona court has held that filing and pursuing an unmeritorious claim—without some other improper ulterior motive—can constitute abuse of process. Further, as discussed above, merely initiating a civil action cannot form the basis of an abuse of process claim.

### 5. Settlement

■ Finally, Fish alleges that Watkins and Skyline instituted the suit against him to extort a settlement from him or his malpractice insurance. Fish fails to allege any facts indicating that Watkins filed suit for any reason other than obtaining redress for a wrongful injury. In addition, under Arizona law the purpose of inducing settlement, in and of itself, cannot form the basis of an abuse of process suit. *Bird v. Rothman,* 128 Ariz. 599, 627 P.2d 1097, 1100 (Ariz.Ct.App.1981).

### B. *Malicious Prosecution*

■ Under Arizona law, in order to make out a claim for malicious prosecution, a plaintiff must establish "that a prior prosecution terminated in favor of the plaintiff." *Frey v. Stoneman,* 150 Ariz. 106, 722 P.2d 274, 277 (1986). A "judgment on the merits" is a favorable termination, while "a procedural or technical dismissal" is not. *Id.* at 278. Although

Fish argues that the underlying proceedings addressed the merits of the case against him—because of the order in which the opinion resolved the issues—the district court's opinion is more logically read as dismissing the claims against Fish for a lack of jurisdiction and disposing of the merits only with regard to the other defendants. Indeed, based on the district court's lengthy discussion of the intricacies of personal jurisdiction in the Ninth Circuit, it seems unlikely that the court would summarily attempt to exercise jurisdiction over the merits of the claims against Fish without any discussion regarding the court's authority to do so. Because the opinion dismissed Fish's claims for lack of personal jurisdiction, the underlying dispute was dismissed on a purely technical matter and did not terminate in Fish's favor. Accordingly, we **AFFIRM** the district court's judgment.