NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEVIN ANDRICH, *Plaintiff/Appellant,*

*v.*

RILEY BRENNAN, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0273

FILED 12-12-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-011323
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Devin Andrich, Phoenix
*Plaintiff/Appellant*

Ballard Spahr LLP, Phoenix
By Matthew E. Kelley
*Counsel for Defendants/Appellees ALM Global LLC*

Ballard Spahr LLP, Phoenix
By Craig C. Hoffman
*Counsel for Defendants/Appellees Ballard Spahr, LLP, Matthew E. Kelley, and Sarah C. Kelley*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1          Devin Andrich appeals from the superior court's orders dismissing his complaint and denying leave to amend. Because Andrich failed to state a claim upon which relief could be granted and an amendment would have been futile, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          ALM Global, LLC ("ALM") published an online article written by Riley Brennan on a decision from this court involving Andrich. Andrich sued Brennan and ALM, alleging a single count of defamation because the article stated, "[c]ontact information for Andrich, in Phoenix, could not be located." Andrich asked the defendants to waive service, but after two months with no response, Andrich served ALM by process server. Three days later, ALM waived service and asked Andrich to provide a working phone number for a good-faith consultation on a motion to dismiss. That afternoon, and before hearing from Andrich, ALM moved to dismiss for failure to state a claim under Arizona Rule of Civil Procedure ("Civil Rule") 12(b)(6).

¶3          The court granted Anrich leave to file an amended complaint, but explained it would conduct a *de novo* review if the defendants objected. Andrich sought to amend the complaint to include ALM's counsel, his wife, and counsel's firm as named defendants; four more claims against Brennan and ALM for defamation, false light invasion of privacy, and violations of Arizona's Consumer Fraud Act; three abuse of process claims against counsel, his firm, and ALM for their actions during the case; and a request for punitive damages. The defendants objected, arguing in part that the amended complaint was futile. The court agreed, revoked leave to amend, and dismissed the original complaint for failure to state a claim. Andrich appealed, and we have jurisdiction under Arizona Revised Statutes §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

**A.    The Superior Court Correctly Granted the Motion to Dismiss.**

**¶4**         Andrich argues the superior court erred by dismissing his original complaint because (1) he was entitled to discovery before dismissal and (2) dismissal was improper because he objected to the authenticity of the news article the defendants attached to their motion to dismiss.[1] We review both the dismissal of a complaint for failing to state a claim and issues of law, including the interpretation of procedural rules, *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012) (motion to dismiss); *Gonzales v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018) (rules).

**¶5**         A party may not seek discovery without the court's leave before it serves the initial disclosure statement. Ariz. R. Civ. P. 26(f)(1). A party need not serve its initial disclosure statement before the first responsive pleading to the complaint. Ariz. R. Civ. P. 26.1(f)(1). A motion to dismiss is not a responsive pleading, and it must be asserted before any responsive pleading is filed. *See* Ariz. R. Civ. P. 7, 12(b). Thus, a motion to dismiss is proper before the parties have a right to conduct discovery. *See Starr Pass Resort Devs., LLC v. Pima County*, 257 Ariz. 505, 512, ¶¶ 28, 30 (App. 2024) (Conversion of a dismissal motion to a summary judgment motion under Civil Rule 12(d) generally occurs before discovery begins.). Andrich did not serve his initial disclosure statement, did not seek leave to conduct discovery, and the court did not grant early discovery. Thus, he was not entitled to discovery.

**¶6**         Andrich's objection to the news article attached to the dismissal motion does not bolster his argument. Relying on evidence not contained in the complaint in a 12(b)(6) motion to dismiss may convert it into a motion for summary judgment, after which the parties may request discovery. *See* Ariz. R. Civ. P. 12(d), 56(d)(1); *Starr Pass*, 257 Ariz. at 512-13, ¶¶ 30-31. But the court did not convert the motion to dismiss here, and Andrich did not submit an affidavit explaining the need for discovery, the estimated time required for the discovery, and other specific information required under Civil Rule 56(d)(1) to obtain discovery. *See Starr Pass*, 257

---

[1]        Andrich also argues in his reply brief that the statement at issue is capable of defamatory meaning, but issues first raised in a reply brief are waived. *Ramos v. Nichols*, 252 Ariz. 519, 523, ¶ 11 (App. 2022).

Ariz. at 512-13, ¶¶ 30-31; Ariz. R. Civ. P. 56(d)(1)(A). For this reason as well, Andrich was not entitled to discovery.

**¶7** Finally, Andrich's objection to the evidence does not provide an independent ground for relief. The superior court did not rely on the evidence attached to the motion to dismiss in granting the motion, so any error about the evidence's authenticity did not affect its ruling. *Cf. Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63, ¶ 8 (App. 2010) ("Rule 56 treatment [of a motion to dismiss] is not required when the court does not rely on the proffered extraneous materials."). We affirm the dismissal of the original complaint.

**B. Andrich's Proffered Amended Complaint Was Futile.**

**¶8** Andrich also claims the court erred by denying leave to amend the complaint because it ignored his claims for consumer fraud and abuse of process.

**¶9** A court should liberally grant a party leave to amend absent undue delay, dilatory motives, undue prejudice, or futility in the amendment. *Ute Mountain Ute Tribe v. Ariz. Dep't of Revenue*, 254 Ariz. 410, 416, ¶ 22 (App. 2023); Ariz. R. Civ. P. 15(a)(2) ("Leave to amend must be freely given when justice requires."). We review the denial of leave to amend a pleading for an abuse of discretion, *In re Torstenson's Est.*, 125 Ariz. 373, 376 (App. 1980), but review *de novo* whether a request to amend is futile, presuming all well-pled factual allegations in the proposed amendment to be true, *Ute Mountain Ute Tribe*, 254 Ariz. at 416, ¶ 22. We will affirm the denial of a motion for leave to amend a complaint if it is correct for any reason. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013). Thus, we review whether the claims would have been futile.

**1. Arizona's Consumer Fraud Act Claim**

**¶10** Arizona's Consumer Fraud Act, A.R.S. §§ 44-1521 to -1534, grants a private cause of action if a plaintiff proves "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the [plaintiff's] consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342 (App. 1983); A.R.S. § 44-1522(A). The seller must intend that others rely on the falsehood "in connection with the sale or advertisement of any merchandise," A.R.S. § 44-1522(A), meaning there must be a sale between the parties or an advertisement in relation to a sale between the parties, *see Sullivan v. Pulte*

*Home Corp.*, 231 Ariz. 53, 60-61, ¶¶ 36-37 (App. 2012), *vacated in part by*, 232 Ariz. 344, 347, ¶ 15 (2013) (vacating ¶¶ 24-31).

**¶11**　　　　Andrich does not allege that ALM or Brennan sold him anything or sought to do so. Instead, he claims that consumers must buy an ALM subscription before reading the article that contains the alleged falsities. The statements made in the article were not made in relation to any sale or advertisement of ALM's or Brennan's merchandise, because the sale had already occurred when customers bought a subscription. The claim for consumer fraud is futile.

### 2.　　　　Abuse of Process Claims

**¶12**　　　　A party who uses a legal process "primarily to accomplish a purpose for which it is not designed[] is subject to liability to the other for harm caused by the abuse of process." *Nienstedt v. Wetzel*, 133 Ariz. 348, 353 (App. 1982) (quoting Restatement (Second) of Torts § 682 (1977)). "Process," in this context, encompasses the entire range of litigation procedures and practices. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, ¶ 11 (App. 2004). An abuse of process claim has two elements: "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Cruz v. City of Tucson*, 243 Ariz. 69, 72, ¶ 9 (App. 2017) (quotation omitted). Further, a plaintiff must allege that the defendant used a court process for a mainly improper purpose and that the defendant's action could not logically be explained without referencing the improper purpose. *See Crackel*, 208 Ariz. at 259, ¶¶ 18-19.

**¶13**　　　　Andrich alleged three abuses of process by ALM, its counsel, and counsel's firm: that they refused to waive service but repeatedly attested to the court that they did waive service; that they moved to dismiss without a good-faith attempt to confer; and that they moved to dismiss with unauthenticated evidence attached. We consider each in turn.

### i.　　　　Waiver of Service

**¶14**　　　　Andrich alleges that the defendants abused the judicial process by refusing to waive service and falsely stating to the court that they had waived service. He alleges the defendants did so to avoid reimbursing Andrich for the costs of service under Civil Rule 4.1(c)(2). But the civil procedural rules allow parties to avoid service costs by waiving service. *See* Ariz. R. Civ. P. 4, 4.1, 4.2. Indeed, one of the intended benefits of waiving service is to avoid the costs associated with service of process. Ariz. R. Civ. P. 4.1(c)(2) (A corporation that fails to waive service without good cause may bear the expenses of making service.). Avoiding costs is a

legitimate reason to waive service. Moreover, when a defendant fails without good cause to waive service when requested, the court "must impose on the defendant . . . expenses later incurred in making service" and reasonable expenses, including attorney's fees, of a motion required to collect such expenses. *Id.* The superior court did not err by concluding that the waiver-of-service claim was futile because the defendants did not improperly use or begin the court process. *See Fappani v. Bratton*, 243 Ariz. 306, 312, ¶¶ 19-20 (App. 2017) (An abuse of process requires using the court system "for a purpose other than that for which it is designed.").

### ii.     Good-Faith Consultation

**¶15**          Andrich alleges that the defendants abused the judicial process by failing to engage in good-faith consultation under Civil Rules 12(j) and 7(h) before moving to dismiss. He alleges the improper purpose was to undermine the consultation requirement. Andrich's claim fails, even if a claim's improper motive can be the abuse of process. *See, e.g., Morn v. City of Phoenix*, 152 Ariz. 164, 168 (App. 1986) ("The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself.") (quoting Prosser and Keeton on the Law of Torts § 121 at 897-99 (5th ed. 1984)). An abuse of process must use a "judicially sanctioned process[]." *Crackel*, 208 Ariz. at 257, ¶ 14; *see also Nienstedt*, 133 Ariz. at 353 ("Arizona case law recognizes that the gist of the tort is the misuse of process, *justified in itself*" for an improper purpose. (emphasis added)). But Andrich alleges that the defendants violated the Civil Rules by failing to consult. Andrich offers no authority suggesting that, in this context, the defendants' alleged *inaction* constitutes the required "willful act in the use of judicial process." *Cruz*, 243 Ariz. at 72, ¶ 9 (quotation omitted). For these reasons, this claim is futile.

### iii.    Attaching Unauthenticated Evidence

**¶16**          Andrich alleges that the defendants abused the judicial process by moving to dismiss with unauthenticated evidence attached to prevent Andrich from obtaining new evidence. This claim fails because the defendants' actions can be explained without reference to an ulterior motive. *See Crackel*, 208 Ariz. at 259, ¶¶ 18-19.

**¶17**          Arizona authorizes a court to consider evidence beyond the complaint in considering a motion to dismiss for failure to state a claim when such materials, "although not appended to the complaint, are central to [it]." *Strategic Dev. and Const.*, 224 Ariz. at 64, ¶ 14. The context of an allegedly defamatory statement is "crucial to the court's analysis," making

it a central concern of the complaint. *See BLK III, LLC v. Skelton*, 252 Ariz. 583, 588, ¶ 15 (App. 2022). This legitimate purpose explains the defendants' actions without an improper motive. Thus, the claim is futile.

## CONCLUSION

¶18        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR